### DOROTHY REDFEARN v. EVEROL ENNIS ET AL.
### (10290)

O'CONNELL, LANDAU and HEIMAN, Js.

Argued February 11—decision released July 28, 1992

*Joseph Glass* with whom, on the brief, was *Paul Glass,* for the appellant (plaintiff).

*Judith A. Sarathy,* assistant corporation counsel, for the appellee (defendant city of New Haven).

O'CONNELL, J. The plaintiff appeals from the trial court's granting of summary judgment in favor of the defendant city of New Haven.[1] On appeal, the plaintiff claims that the trial court improperly (1) concluded that the duty owed by the defendant to the plaintiff constituted a public duty, (2) characterized the issuance

---

[1] The plaintiff brought suit against three defendants. Only the defendant city of New Haven moved for summary judgment. Because this appeal involves only the propriety of the trial court's granting summary judgment in favor of the city of New Haven, we will refer to the defendant in the singular.

of a food service license as discretionary, (3) held that the defendant's act of issuing a food service license was discretionary as a matter of law, (4) failed to consider the nature of the act of the zoning enforcement officer, and (5) granted the defendant's motion for summary judgment. We affirm the judgment of the trial court.

The pertinent facts are as follows. On June 23, 1987, the plaintiff entered into a five year lease with the owners of premises located at 88 Winchester Avenue in New Haven. Prior to this date, the plaintiff had spoken with Francesco Garguilo, the zoning enforcement officer of New Haven, and inquired as to whether 88 Winchester Avenue was zoned for a grocery-convenience store. Garguilo informed the plaintiff that the premises were zoned for that purpose. The plaintiff then applied to the department of health of New Haven to secure a food service license. The license was issued to her, and, on June 23, 1987, the plaintiff opened her store at that location.

On July 1, 1987, the defendant revoked the plaintiff's food service license. The plaintiff was served with notice to close her store because Garguilo had mistakenly informed her that 88 Winchester Avenue was zoned for use as a grocery-convenience store. The plaintiff brought suit against the defendant alleging that she relied on Garguilo's information that the leased premises were zoned for use as a grocery-convenience store and suffered monetary damages as a result of his inaccurate information. Further, the plaintiff alleged that the defendant was negligent because it did not have competent and knowledgeable employees.

On September 24, 1990, the defendant filed a motion for summary judgment claiming that there were no genuine issues of material fact and that, on the basis of the doctrine of sovereign immunity, the defendant

was entitled to a judgment in its favor. The trial court granted the defendant's motion and this appeal followed.

Pursuant to Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Further, it is axiomatic that the burden is on the moving party to demonstrate the absence of any such issue of material fact. *Aetna Casualty & Surety Co.* v. *Jones,* 220 Conn. 285, 295–96, 596 A.2d 414 (1991). The trial court properly concluded that there was no genuine issue of material fact in the present case.

Governmental immunity implicates the distinction between ministerial and discretionary (governmental) acts. " 'A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.' " (Citation omitted; internal quotation marks omitted.) *Gordon* v. *Bridgeport Housing Authority,* 208 Conn. 161, 167–68, 544 A.2d 1185 (1988). Although there are numerous exceptions and qualifications of the immunity doctrine; see *Shore* v. *Stonington,* 187 Conn. 147, 444 A.2d 1379 (1982); *Heigl* v. *Board of Education,* 218 Conn. 1, 5, 587 A.2d 423 (1991); note, "The Official Responsibility Rule and its Implications for Municipal Liability in Connecticut: *Shore* v. *Town of Stonington,* " 15 Conn. L. Rev. 641 (1983); the plaintiff bases her claims on the assertion that the defendant owed her a private duty and that the granting of the food service license was a ministerial act.

We first note that the determination of whether the act complained of constituted a ministerial or governmental act is a matter of law for the court to decide. See *Heigl* v. *Board of Education,* supra; *Evon* v. *Andrews,* 211 Conn. 501, 559 A.2d 1131 (1989); *Gordon* v. *Bridgeport Housing Authority,* supra. The plaintiff asserts that the trial court improperly found that the duty owed by the defendant was a public duty. In *Gordon* v. *Bridgeport Housing Authority,* supra, however, our Supreme Court stated "although the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Id., 170. Thus, because we find that the act of issuing the food permit was a governmental act, the public-private duty analysis will not be addressed here.

As stated previously, governmental acts, as distinguished from ministerial acts, necessarily involve the exercise of judgment or discretion on the part of the public official. Here, the plaintiff claims that the trial court failed to consider the nature of Garguilo's act as zoning officer and that it incorrectly concluded that the issuance of the food service license was a governmental act.[2] The criteria that an applicant for a food service license must meet are set forth in §§ 19-13-B40 and 19-13-B42 of the Public Health Code. Pursuant to these sections, inspection and approval of the premises sought to be licensed are required. The department of health, charged with inspection and approval of a premises, must exercise considerable discretion and judgment in determining whether the premises involved satisfy the criteria of the health code. As such, the trial

[2] Despite the plaintiff's challenge to the trial court's failure to consider the nature of Garguilo's actions, we note that on that claim she focuses, in her brief, only on whether the issuance of the food service permit is ministerial or governmental.

court properly held that the act of issuing a food service license is a governmental act. Accordingly, the doctrine of governmental immunity bars this action against the city of New Haven.

The judgment is affirmed.

In this opinion the other judges concurred.