[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This is an action brought by the plaintiffs in a CT Page 2892 four count complaint seeking recovery for damages to a building and personal property owned by the plaintiffs which allegedly resulted from the malfunction of a sewer system located in the Town of Killingly. The defendants have moved for summary judgment on the grounds that governmental immunity is a bar to counts one, two and three of the plaintiffs' complaint and that the allegations set forth in count four of the plaintiffs' complaint are inefficient to support an action in nuisance as alleged therein.
I. Facts.
The complaint alleges the following facts.
On or about December 24, 1987, the sewer and/or water system servicing a building in Danielson, Connecticut, owned by plaintiff Swan Realty allegedly malfunctioned, resulting in a discharge of sewage into the building. The discharge caused damages to the premises and to appliances and bedding stored on the premises by plaintiff Jumbo Appliances. The sewer system was established and is maintained by defendant Town of Killingly ("Town") through defendant Town of Killingly Sewer Authority in the Town of Killingly and in the Borough of Danielson.
In count one the plaintiffs allege that the sewer malfunction was caused by the negligent maintenance and/or construction of the sewer system. In count two the plaintiffs allege that the Town was willful, wanton and/or grossly negligent in that it knew or should have known that the condition of the sewer system presented a substantial risk to the plaintiffs. In count three the plaintiffs allege a theory of negligence based on res ipsa loquitur. In count four the plaintiffs allege that the discharge was a nuisance and that the Town's actions and/or omissions allowed the nuisance to exist.
The defendants have moved for summary judgment on the plaintiffs' complaint on the grounds that governmental immunity is a bar to counts one, two and three and that the sewer malfunction was not a nuisance created by the defendants.
II. Summary Judgment. CT Page 2893
Pursuant to Practice Book 384, summary judgment is appropriate where the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. "The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact." Nolan v. Borkowski, 206 Conn. 495,500 (1988). The court must view the evidence in the light most favorable to the nonmovant. Id. Once the moving party has presented evidence in support of the motion for summery judgment, the opposing party must present evidence that demonstrates the existence of a material fact in dispute. State v. Goggin, 208 Conn. 606, 616 (1978). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good Earth Restaurant Corporation,164 Conn. 194, 199 (1972).
A. Counts One and Three.
An analysis of governmental immunity requires a consideration of both the public/private duty distinction and the ministerial/discretionary test. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 168 (1988). Although the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private. Id., 170.
General Statutes 52-557n provides, in pertinent part:
 (a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) CT Page 2894 acts of the political subdivision which constitute the creation or participation in the creation of a nuisance;. . .
 (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by:. . . .(B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
Section 52-557n sets out the basic rule that a municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature and ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. Gauvin v. New Haven, 187 Conn. 180,184 (1984).
 The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions . . . first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence.
Evon v. Andrews, 211 Conn. 501, 505 (1989). (Citations omitted).
In count one the plaintiffs allege that the sewer malfunction was caused by the Town's negligent maintenance CT Page 2895 and/or construction of the sewer system. In count three the plaintiffs allege a cause of action for negligence based on res ipsa loquitur. Both of these counts are based on allegations that the Town, acting through its sewer authority, was negligent in several ways regarding the general maintenance of the sewer system servicing the plaintiffs' property.
The plaintiffs argue that the deposition testimony of Paul Trahan, superintendent of the Town's sewer authority, demonstrates that the maintenance of the sewer system, including inspection of the sewer system, is a duty the Town must exercise without discretion. The plaintiffs argue, therefore, that their claim for damages is founded on the Town's negligent failure to perform a ministerial act, namely the maintenance of the sewer system and is not barred by sovereign immunity. The defendants argue that the management of the sewer system is a governmental act requiring the exercise of judgment and discretion. The defendants further argue that they maintained the sewer system in a non-negligent manner and that they responded to any problems relating to the plaintiffs' property in a non-negligent manner.
The determination of whether the act complained of constituted a ministerial or governmental act is a matter of law for the court to decide. Redfearn v. Ennis 28 Conn. App. 398,401 (1992). See also, Evon v. Andrews, supra, 507; Gordon v. Bridgeport Housing Authority, supra, 180. The actions complained of, namely the general maintenance of the sewer system, are performed for the direct benefit of the public. While general methods of maintenance and inspection guide the town in the performance of these actions, the actual manner in which the sewer system is maintained and repaired is largely discretionary and requires the exercise of judgment. Therefore, the acts complained of in the present case are governmental in nature as a matter of law and governmental immunity is a bar to the plaintiffs' claims in counts one and three. Accordingly, summary judgment is appropriate as to these counts.
B. Count Two.
As noted above, an exception to the general rule of immunity from liability for the performance of discretionary CT Page 2896 acts by a municipal employee is where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. Evon v. Andrews, supra, 505.
The plaintiffs' allegations set forth in count two are confusing. In paragraph eight of count two, the plaintiffs allege that the Town was willful, wanton and grossly negligent as follows:
 a. In that the Defendant knew prior to the discharge of sewage and/or water, that there was a serious risk of such a discharge because of the condition of the water, sewer and/or sanitation system, but failed to warn Plaintiffs of such a risk; and/or
 b. In that the Defendant knew and/or should have known prior to the discharge of sewage and/or water that there was a serious risk of damage to Plaintiff's Building and Jumbo's property because of the condition of the water, sewer and/or sanitation system, but the Defendant failed to promptly repair and/or maintain it.
Despite these allegations sounding in willful/wanton conduct, in paragraphs nine through eleven of count two, the plaintiffs allege that the damage to their property was caused by the Town's "negligence and carelessness."
Negligence is a separate and distinct cause of action from willful and wanton misconduct and, where pled in the same count, the court must determine under which theory the plaintiff is proceeding. Brown v. Branford, 12 Conn. App. 106,108-109 (1987). In Brown, the plaintiff alleged in one paragraph of a count that the harm done to him by the defendant was due to the defendant's "willful and wanton negligence and carelessness" further alleged in the same paragraph instances where the defendant acted "intentionally and knowingly" and finally alleged in another paragraph of the same count that the damage was caused by the defendant's negligence. Id., 109. The Appellate Court held at page 110 that: CT Page 2897
 A plaintiff cannot transform a negligence count into a count for willful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence. . . . In this case, the plaintiff's injection of the words "intentionally and knowingly" in his amended complaint failed to constitute additional factual allegations that would alter the nature of the conduct complained of. In the absence of such additional factual allegations, therefore, we construe the plaintiff's first count as sounding in negligence.
In the present case, the plaintiffs' second count should also be characterized as sounding in negligence and the same analysis as was applied to counts one and three above should be applied to count two.
The actions complained of in count two, namely the maintenance and inspection of the sewer system, are performed for the direct benefit of the public. While general methods of maintenance and inspection guide the town in the performance of these actions, the actual manner in which the sewer system is maintained and repaired is largely discretionary and requires the exercise of judgment. Therefore, the acts complained of in count two are governmental in nature as a matter of law and governmental immunity is a bar to the plaintiffs' claim in count two. Accordingly, summary judgment as to count two is appropriate.
C. Count Four.
In order to prevail on a claim of nuisance, the plaintiff must prove that: (1) the conditions complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; and (4) the nuisance was a proximate cause of the plaintiff's injuries and damages. State v. Tippets — Abbott — McCarthy — Stratton, 204 Conn. 177, 183 (1987). Where public nuisance is claimed, the plaintiff must also prove that: (1) the condition or conduct complained of interfered with a right common to the general public; and (2) the defendants CT Page 2898 intentionally caused the condition deemed to be a nuisance. Id. A municipality may be liable for damages caused by a nuisance it creates and maintains. Lukas v. New Haven,184 Conn. 205, 209 (1981).
The plaintiffs support their claim of public nuisance in count four with the following allegations:
 4. At all relevant times hereinafter set forth, the Defendant, Town of Killingly, acting through it's (sic) duly constituted sewer authority, established, and/or constructed, and/or maintained, and/or altered, and/or repaired, a system of public sewers in said Town of Killingly and Borough of Danielson, and was the sole and exclusive supplier of water, sewer and sanitation services to the Building and for which services Defendant assessed and was paid certain taxes and/or water and sewerage charges. . . .
 7. On or about December 24, 1987, the sewer, and/or water, and/or sanitation system failed to function in an appropriate manner, and discharged a large volume of sewage into the building owned by the Plaintiff, Swan Realty, and leased by the Plaintiff, Jumbo.
 8. Upon information and belief, said discharge was caused by the negligence and/or carelessness of the Defendant in one or more of the following manners:
 a. The Defendant allowed the sewer, water, and/or sanitation system to become clogged with debris which impeded it's (sic) normal function; and/or
 b. The Defendant failed to maintain and/or repair said sewer, water, and/or sanitation system; and/or CT Page 2899
 c. The Defendant failed to remove the obstruction which caused the sewer, water, and/or sanitation system to fail to function; and/or
 d. The Defendant failed to inspect said sewer, water, and/or sanitation system when they knew or should have known in the exercise of due care, that it's (sic) failure to do so might result in damage to users of the system in general, and this Plaintiff in particular.
 e. The Defendant failed to construct an adequate sewer, water, and/or sanitation system, when it knew, or in the exercise of due diligence, should have known, of the demands being placed upon said system.
 9. Said discharge constitutes a public nuisance, in that it endangered the life and health of all persons having business in and/or around the premises owned by the Plaintiff, Swan Realty, and/or said discharge obstructs the reasonable use of the premises by the Plaintiff, Swan Realty, and the Plaintiff, Jumbo.
 10. As a result of the Defendant's acts and/or omissions in allowing said nuisance to exist, water and sewage backed up and discharged into the premises owned by the Plaintiff, Swan Realty, and stagnated in the premises for a period of days. The premises were thereby rendered unusable and the Plaintiff, Jumbo, was deprived of their use for a period of months.
The defendants argue that the plaintiffs have not alleged that the nuisance was created by a positive act of CT Page 2900 any of the defendants and, therefore, the plaintiffs do not have a cause of action for public nuisance. However, the plaintiffs' allegations, when viewed in the light most favorable to the plaintiffs, sufficiently allege that the Town created and maintained the nuisance in question. Specifically, the plaintiffs allege that the Town constructed a sewer system that did not have enough capacity to meet the public's needs and that subsequent maintenance did not remedy this hazard which ultimately caused damage to the plaintiffs' property.
Whether the other elements of public nuisance have been met is a question of fact for the jury to decide. Couture v. Board of Education, 6 Conn. App. 309, 314 (1986). Therefore, summary judgment is inappropriate as to count four.
III. Conclusion.
For the reasons stated above, the court grants the defendants' motion for summary judgment as to counts, one, two and three and denies the defendants' motion for summary judgment as to count four.
Hendel, J.