[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has brought suit against the City of West Haven and its present mayor as a result of his dismissal as comptroller. His employment in that capacity was pursuant to a written employment contract for three years which provided that the "rights and obligations of Employer under this contract shall survive the respective terms of those signatures (sic) hereto, who have executed on behalf of the City. . . ." The plaintiff claims the contract was signed on or about May 13, 1991 and was to terminate May 31, 1994. The plaintiff and Clemente F. Evangeliste, Jr., the then mayor, signed the agreement which further recited that the agreement was "between the CITY OF WEST HAVEN . . . and RICHARD A. PEARCE" who was engaged by the City "through its Mayor. . ." Plaintiff began employment June 1, 1991; a municipal election was held in the fall resulting in a change of mayors, and plaintiff was dismissed December 2, 1991. The suit is in five counts and is directed against the City and Richard Borer ("the defendant") in his official and individual capacities.
Counts two, four and five are against the defendant. Count two states that the defendant in his capacity as Mayor "incorrectly, unjustly, illegally and without due cause, discharged the Plaintiff . . . without authority . . ." and that this discharge constituted a breach of contract between the City and the plaintiff. Count four asserts that the defendant CT Page 10316 "intentionally, recklessly, illegally and wantonly interfered" with the employment contract thus committing the tort of intentional interference with contractual relations. The fifth count is one of negligence per se against the defendant and is based on a West Haven city charter provision that states that the Mayor is obligated to faithfully keep and perform all contracts with and by the City. City Charter of West Haven, Chapter III, 4(h), p. 6. The plaintiff asserts that the termination by the defendant of plaintiff's employment contract constitutes a violation of the city charter and thus negligence per se.
The defendant has filed a motion for summary judgment as to counts two, four and five of the complaint and has attached his affidavit stating he terminated plaintiff's employment upon taking office or about six months after the agreement was signed, and that he had no involvement with the negotiation, drafting and/or execution of the contract between the plaintiff and the City.
COUNT TWO
While Connecticut courts require privity of contract in order to maintain a cause of action for breach of contract, see Reynolds v. Owen, 34 Conn. Sup. 107 (1977), Coburn v. Lenox Homes, Inc., 173 Conn. 567, 378 A.2d 599 (1977), Governors Grove Condominium Assn., Inc. v. Hill Development Corp., 36 Conn. Sup. 144
(1980), Connecticut cases have not addressed the requirement of privity in the context of a successor in interest to the elected position of the contracting party. However, an analogous situation regarding a legislative body was addressed in Wilson v. East Bridgeport School District, 36 Conn. 280 (1869), in which a school teacher was hired by a former school committee and subsequently discharged by a new committee. The court held that the former committee was empowered to contract for services beyond its term in office.
"Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524, 530,620 A.2d 99 (1993), quoting Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 1005 (1991). "Summary judgment is appropriate when all the documents submitted demonstrate that . . . the moving party is entitled to judgment as a matter of law." Connelly v. Housing Authority, 213 Conn. 354, CT Page 10317 364, 567 A.2d 1212 (1990). "`The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law."' (Internal quotation marks omitted.) State v. Goggin, 208 Conn. 606, 615, 546 A.2d 250 (1988), quoting D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980). "[Summary judgment] is . . . ill adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of trial." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 375,260 A.2d 596 (1969).
While the plaintiff has failed to set forth proof of privity with the defendant individually, the defendant has failed to satisfy his burden of showing the absence of a genuine issue of material fact that entitles defendant to judgment as a matter of law on the issue of privity of contract between plaintiff and defendant in his official capacity. Plaintiff argues that the defendant breached the contract in his capacity as Mayor on behalf of the City. Plaintiff has set forth evidence disclosing the existence of a genuine issue of material fact regarding the issue of whether defendant is in privity of contract in his official capacity. The language of the employment contract provides such evidence. Similarly, the contract is signed by the former Mayor in his capacity as Mayor and defendant states in his affidavit that he terminated plaintiff's employment in his capacity as Mayor. Viewing this evidence in a light most favorable to the plaintiff, the court finds that a genuine issue of fact exists as to whether defendant is in privity of contract in his official capacity. The motion for summary judgment is denied as to count two.
COUNT FOUR
As to count four, the defendant moves for summary judgment on this count on the ground that plaintiff's complaint fails to allege sufficient facts to support a claim of intentional, or tortious interference with contractual relations. Specifically, defendant asserts that the complaint omits the necessary allegations of improper motive or means. Plaintiff argues the complaint is sufficient as one may infer the required elements from the allegations pleaded.
"`The movant [for summary judgment] must show that it is CT Page 10318 quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" State v. Goggin, supra, 616. "It is also well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Citations omitted.) United Oil Co. v. Urban Redevelopment Commission, supra, 375-76.
While both parties label this action as "intentional interference" with contract relations, this court believes they are substantively referring to "tortious interference" with contract relations, a reading supported by Connecticut case law. See Blake v. Levy, 191 Conn. 257, 464 A.2d 52 (1983). The test of whether an act of interference is tortious is whether the actor's behavior is "improper," Blake v. Levy, supra, 261, and as the plaintiff has alleged the defendant acted "intentionally, recklessly, illegally and wantonly," the required allegations of tortious conduct and improper motive or means may be inferred. Furthermore, plaintiff's allegations are supported by the language of the employment contract and by defendant's affidavit in which he states he terminated the plaintiff's employment. This evidence creates an issue of material fact as to the illegality of the defendant's actions and whether such acts constituted tortious interference. Having failed to show the nonexistence of a material fact, the defendant has failed to meet his burden and summary judgment on count four is denied.
COUNT FIVE
The fifth count of plaintiff's complaint is a claim of negligence per se and is based on the West Haven City Charter provision which states that the mayor shall have the power and duty "[t]o see that all contracts and agreements with the City are faithfully kept and performed." City Charter of West Haven, Chapter III, 4(h), p. 6. The issue then is to determine as a matter of law whether the defendant's duty is governmental or ministerial.
 A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature CT Page 10319 On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.
(Citations omitted; internal quotation marks omitted.) Redfearn v. Ennis, 28 Conn. App. 398, 400, 610 A.2d 1338 (1992), quoting Gordon v. Bridgeport Housing Authority, supra, 167-68. "Whether the acts complained of were governmental or ministerial is a factual question which depends upon the nature of the act complained of." Gauvin v. New Haven, 187 Conn. 180, 186,445 A.2d 1 (1982) (city's operation and maintenance of city parks). See Viens v. Graner, 9 Conn. L. Rptr. 306, 308 (June 28, 1993, Teller, J.) (school principal's duty to establish regulations concerning running in the halls).
Defendant argues that the doctrine of governmental immunity bars plaintiff's claim of negligence per se as a matter of law, and that as a matter of law the City charter creates a public duty. Plaintiff asserts the duty is private. Defendant has failed to put forth any controlling authority that a public official's obligation to faithfully keep and perform all contracts with and by the municipality is a governmental duty as a matter of law. In the absence of such controlling authority, a determination as to whether the duty in the present case is governmental or ministerial is a question of fact. Therefore, summary judgment must be denied with respect to the fifth count.
Trotta, Trotta Trotta for plaintiff.
Sack, Spector Barrett and Howd Ludorf for defendants.