[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
FACTS
On February 4, 1994, the plaintiff, Anthony Clark, filed a fifteen count revised complaint against the defendants, City of New London ("City") and Raymond Burke, Building Official of the City of New London ("Burke") for damages allegedly sustained when he was struck by a steel beam. The following facts are alleged.
As of said filing date, defendant City owned a piece of land adjacent to a commercial building located on 35 Union Street, New London, Connecticut. On or about March 5, 1991, demolition of a structural extension of the commercial building was commenced. On or about March 6, 1991, while performing general labor tasks and maintenance in connection with the demolition of said structure, the plaintiff was struck by a steel beam. The plaintiff sustained personal injuries, medical expenses, and loss of earning capacity. Consequently, the plaintiff seeks compensatory damages, punitive damages, and statutory costs.
Count one contains allegations of negligence against defendant Burke arising from his unreasonable actions and his violation of the State Demolition Code, General Statutes § 29-401,et seq. Count two contains allegations that defendant City is liable for defendant Burke's actions under General Statutes § 7-465.
Count three contains allegations of recklessness against defendant Burke. Count four contains allegations that defendant City is liable under General Statutes § 7-465 for CT Page 7502 defendant Burke's recklessness.
Count five contains allegations that defendant City is liable under General Statutes § 52-557n for the negligence of defendant Burke. Count six contains allegations that defendant City is liable under General Statutes § 52-557n for the recklessness of defendant Burke.
Count seven contains allegations of negligence against defendant City arising from violations of the following provisions of the State Demolition Code: General Statutes §§ 29-402, 29-404, 29-406, 29-408(a), and29-411. Count eight contains allegations that defendant City is liable under General Statutes § 52-557n for negligence arising from its ministerial actions.
Count nine contains allegations of recklessness against defendant City arising from its ministerial actions. Count ten contains allegations that defendant City is liable under General Statutes § 52-557n for recklessness arising from its ministerial actions.
Count eleven contains allegations of nuisance against defendant Burke. Count twelve contains allegations that defendant City is liable under General Statutes § 7-465 for the nuisance of defendant Burke. Count thirteen contains allegations that defendant City is liable under General Statutes § 52-557n(b)(7) for said nuisance.
Count fourteen contains allegations that defendant City is liable under General Statutes § 52-557n(a)(1)(C) for negligence in connection with the performance of functions from which defendant City derived a special corporate profit or pecuniary benefit. Count fifteen contains allegations that defendant City is liable under General Statutes § 52-557n(a) (1)(C) for recklessness in connection with the performance of functions from which defendant City derived a special corporate profit or pecuniary benefit.
On March 21, 1994, defendant City filed a motion to strike the plaintiff's revised complaint on the ground that the plaintiff's allegations are legally insufficient. Defendant City submitted a supporting memorandum of law.
On March 31, 1994, the plaintiff filed a memorandum of CT Page 7503 law in opposition to defendant City's motion to strike. On April 13, 1994, the plaintiff filed a supplemental memorandum of law in opposition to defendant City's motion to strike.
DISCUSSION
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "The motion to strike . . . admits all facts well pleaded." Id., 142. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v.People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). "[I]f the facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." (Citations omitted; internal quotation marks omitted.) Ferryman v. Groton, supra, 142. "[W]hether the facts alleged would if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike." Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 201, 592 A.2d 912 (1991).
General Statutes § 13a-149
Counts Five, Six, Seven, Eight, Nine, Ten, Thirteen, Fourteen,and Fifteen
 The plaintiff alleges the following facts as true: In May 1990, [said commercial building] was purchased by Charles A. Flanagan. . . and sometime thereafter in 1990 [defendant City] decided to restore the land upon which [said structure] stood. . . . On or about March 5, 1991, demolition of the structure . . . commenced. The person engaging in the demolition of the structure and supervision thereof was John K. Fowler who was an agent/servant/employee of Charles Flanagan. . . . In March 1991, Plaintiff worked at [said commercial building] performing tasks such as general labor and maintenance and on or about March 6, 1991, CT Page 7504 plaintiff, at the direction of Mr. Fowler and under Mr. Fowler's supervision was assisting in the demolition of [said structure]. . . . On March 6, 1991, Mr. Fowler was engaged in activity relating to demolition of [said structure], to wit removing the first of several steel beams. . . . His plan was to push the beams onto the sidewalk and he directed the Plaintiff to lay two by four foot boards on the ground to absorb the impact of the beams when they fell. . . . The beam fell as they were prying it and crashed down upon the Plaintiff. . . .
Defendant City argues that because said counts must have been pleaded under General Statutes § 13a-149, said counts are legally insufficient and should be stricken. General Statutes § 13a-149, the highway defect statute, provides that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." A "defective road" includes a defective sidewalk. See Hornyak v. Fairfield, 135 Conn. 619, 621,67 A.2d 562 (1949).
"[A] highway defect is `[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . .'" Sanzone v. Board ofPolice Commissioners, supra, 202, quoting Hewison v. NewHaven, 34 Conn. 136, 142 (1867). "In order for [General Statutes] § 13a-149 to apply, however, the plaintiff's injuries must result from a defect in or on the [sidewalk]." (Emphasis in original.) Smith v. Metro-North CommuterRailroad, 10 Conn. L. Rptr. 481, 483 (December 2, 1993, Martin, J.). The court finds that "lay[ing] two by four foot boards on the ground to absorb the impact of [falling steel beams] constitutes neither a defect in or on the sidewalk, nor an object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon. Accordingly, the allegations contained in the plaintiff's revised complaint do not support a cause of action arising from a "highway defect, or in the language of the statute, part of a `defective road.'" Sanzone v. Board of Police Commissioners, supra, 203. CT Page 7505
Therefore, because counts five, six, seven, eight, nine, ten, thirteen, fourteen, and fifteen need not have been pleaded under General Statutes § 13a-149, said counts of the plaintiff's revised complaint are not legally insufficient. The motion to strike these counts is hereby denied for the reasons claimed. However, see below for further discussion of counts seven and eight.
General Statutes § 52-557n
Counts One and Three
The plaintiff alleges that defendant Burke is the Building Official of defendant City. The plaintiff further alleges that defendant Burke, acting within the scope of his official duties, "permitted John K. Fowler to engage in the demolition of [said structure] and to continue to engage in it without a permit despite that fact that the need for such a permit was a mandatory requirement under [General Statutes § 29-406]. . . ."
Count one contains allegations that defendant Burke's failure to issue a permit in connection with the demolition of said structure was an act of negligence. Count one contains further allegations that defendant Burke's failure to issue such permit constituted a reckless disregard for health or safety.
Count three contains allegations of recklessness against defendant Burke, to wit, that defendant Burke "acted recklessly in that he engaged in conscious choices and a course of conduct with knowledge that they involved serious danger to others, including the Plaintiff or one in Plaintiff's position. . . ." The plaintiff further alleges that defendant Burke "inadequately inspected [said structure]" and "[t]he reckless acts or omissions of Defendant Burke . . . were the reckless acts or omissions of an employee, officer or agent of [defendant City] acting within the scope of his employment or official duties."
"Notwithstanding the procedural posture of a motion to strike, [the Connecticut Supreme Court] has approved the practice of deciding the issue of governmental immunity as a matter of law." (Citations omitted.) Gordon v. BridgeportHousing Authority, supra, 170. CT Page 7506
The State Demolition Code, General Statutes § 29-401 et seq., prescribes the following: "The local building official shall administer sections 29-406 to 29-413 inclusive." General Statutes § 29-404. "No person shall demolish any building, structure or part thereof without obtaining a permit for the particular demolition undertaking from the building official of the town, city or borough wherein such building, or part thereof is located." General Statutes § 29-406(a).
"[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . ." (Citations omitted; internal quotation marks omitted.) Evon v. Andrews, 211 Conn. 501, 505,559 A.2d 1151 (1989). "`Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.'" Heigl v. Board of Education,218 Conn. 1, 4-5, 587 A.2d 423 (1991), quoting Gauvin v. New Haven,187 Conn. 180, 184, 445 A.2d 1 (1982).
In Redfearn v. Ennis, 28 Conn. App. 398, 401-02,610 A.2d 1338 (1992), the Connecticut Appellate Court held that "the act of issuing a food service license is a governmental act." The court reasoned that there must be "considerable discretion and judgment in determining whether the premises involved satisfy the criteria of the health code." Id., 401. Analogously, prior to issuing a permit for demolition of a structure, defendant Burke must evaluate an applicant's written evidence in accordance with criteria set forth in General Statutes § 29-406(a). The court finds that, as a matter of law, defendant Burke's duties in connection with the issuance of a permit for demolition is a governmental duty, and thus, discretionary in nature.
 The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an CT Page 7507 identifiable person to imminent harm; . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain law; . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence.
Evon v. Andrews, supra, 505. The plaintiff alleges that defendant Burke's nonactions constitute reckless conduct. "Wanton misconduct is reckless misconduct. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." (Citations omitted; internal quotation marks omitted.) Dubayv. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988). The plaintiff has sufficiently pleaded facts to support circumstances under which liability may attach against defendant Burke pursuant to the third exception set forth inEvon v. Andrews, supra. Because counts one and three of the plaintiff's revised complaint are legally sufficient, the motion to strike these counts is hereby denied.
Count Eleven
Count eleven contains allegations of nuisance against defendant Burke. There exists a cause of action in nuisance against a municipal employee, whose conduct was the proximate cause of the plaintiff's injuries. See Sanzone v. Board ofPolice Commissioners, supra, 192-93. The plaintiff has alleged that defendant Burke's conduct constituted a nuisance and "[a]s a proximate result" of defendant Burke's conduct, the plaintiff sustained his alleged injuries. Because the plaintiff has sufficiently pleaded a cause of action in nuisance, count eleven of the plaintiff's revised complaint is legally sufficient. The motion to strike this count is denied.
Counts Seven and Eight
The plaintiff alleges that defendant City is liable for negligent conduct in connection with ministerial actions. The court has already found, however, that, as a matter of law, defendant Burke's duties in connection with the issuance of a permit for demolition is a governmental duty, and thus, discretionary in nature. Therefore, because defendant City is CT Page 7508 immune from liability for acts of its agents or employees in the performance of a discretionary duty, the plaintiff's allegations contained in said counts are legally insufficient. Accordingly, the defendant City's motion to strike counts seven and eight of the plaintiff's revised complaint is hereby granted.
General Statutes § 7-465
Counts Two, Four, and Twelve
"Any town, city or borough . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law . . . for physical damages to person or property. . . ." General Statutes § 7-465(a). Defendant city argues that counts two, four, and twelve should be stricken because General Statutes § 7-465 cannot provide an independent cause of action since the other counts are legally insufficient.
Because counts one, three, and eleven are legally sufficient, the court finds that counts two, four, and twelve of the plaintiff's revised complaint are legally sufficient. Therefore, the motion to strike counts two, four, and twelve is hereby denied.
CONCLUSION
Admitting all facts well pleaded and construing the plaintiff's allegations in a manner most favorable to sustaining their legal sufficiency, counts seven and eight of the plaintiff's revised complaint are not legally sufficient. The motion to strike is therefore granted as to counts seven and eight. It is denied as to all other counts.
Hurley, J.