[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#153)
This is a personal injury lawsuit brought by the plaintiff, Robert Benjamin Knoob ("Knoob") and his father, seeking damages for injuries arising out of an incident on September 5, 1995, wherein an automobile operated by Knoob struck a protruding manhole located on an unpaved right of way that was the former location of Route 17 in North Branford, Connecticut. Knoob initially sued both the Town of North Branford CT Page 8077 (herinafter the "Town") and the State of Connecticut pursuant to the applicable highway defect statutes. Knoob later amended his complaint to add counts alleging common law negligence against both defendants and a nuisance claim against the Town.
Pursuant to orders entered on June 30, 1997 and September 22, 1997, the court (Fracasse J) dismissed the highway defect claims against both the State of Connecticut and the Town based on a finding that the land on which the incident occurred did not constitute a roadway. Thereafter, Knoob amended his complaint. The current complaint, dated March 18, 1999, is brought against the Town only.[1] The first count alleges vicarious liability for the negligence of the Town's agents and employees pursuant to Connecticut General Statutes § 52-557. The second count alleges that the protruding manhole in the right of way was a public nuisance.
The Town has now moved for summary judgment as to both counts. As to the first count alleging negligence, The Town asserts that it is barred by the doctrine of governmental immunity. As to the second count alleging nuisance, the Town claims that Knoob is unable to prove that he was exercising a right common to the general public. For the reasons set forth below, the motion for summary judgment is granted as to the first count and denied as to the second count.
DISCUSSION
SUMMARY JUDGMENT
The Law of summary judgment is well settled and needs no extended discussion. Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751 (1995). In deciding a motion for summary judgement, the trial court must view the evidence in the light most favorable to the nonmoving party. Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381
(1998). A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence. United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 378 (1969). In ruling on a motion for summary judgment, the court's function is not to decide issue of material fact, but rather to determine whether any such issues exist.Nolan v. Borkowski, 206 Conn. 495, 500 (1988). CT Page 8078
GOVERNMENTAL IMMUNITY
The Town claims that Knoob's action in the first count is barred by the doctrine of governmental immunity. Specifically, the Town asserts that the alleged negligent acts and omissions set forth in the complaint concerning the failure of the Town to inspect, maintain and keep the manhole in a safe condition as well as the failure to warn others of its dangerous condition, were discretionary and therefore covered by the municipal immunity provided by General Statutes § 52-557n (a)(2) (B). Moreover, the Town further claims that the exception to governmental immunity for acts that subject an identifiable person to imminent harm is inapplicable to this case because the action has been brought against the Town alone. It is noted that the first count has not been brought pursuant to General Statutes § 7-465, which requires a municipality to indemnify its employees for damage awards due to their actions occurring in the performance of their duties and within the scope of their employment. Knoob objects to the application of governmental immunity, asserting that, 1) the Town's actions were ministerial and not discretionary and 2) even if the acts are considered discretionary, the identifiable person/imminent harm exception applies.
Knoob's complaint is brought against the Town alone and does not name any Town employee as a defendant. Although the complaint makes reference to the negligence of the Town's "employees, officers and agents", such broad allegations are insufficient to bring the action within the purview of § 7-465. Wright, Fitzgerald and Ankerman, Conn. Law of Torts (3d Ed.), 282. To make indemnification applicable, recovery must be sought against specific employees. Id.
Governmental immunity of a municipality both at common law and as codified by § 52-557n (2) depends, in part, on the distinction between ministerial and discretionary (governmental) acts. Redfern v.Ennis, 28 Conn. App. 398, 400 (1992). "A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. "Gordon v. Bridgeport Housing Authority,208 Conn. 161, 167-68 (1988). The determination of whether the act complained of constituted a ministerial or governmental act is a matter of law for the court to decide. Redfern v. Ennis, supra, 28 Conn. App. 401.
In the court's view, the Town's acts and omissions pertaining to the CT Page 8079 alleged failure to post warnings and/or correct the allegedly dangerous condition presented by the protruding manhole, involved the exercise of judgment and discretion. The court finds therefore the acts to be discretionary.
The general rule in Connecticut is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity, Williams v. New Haven, 243 Conn. 763, 767
(1998). In this case, the applicable statute, § 52-577n (a)(2)(B) provides:
 Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
This statute, rather than abrogating a municipality's common law immunity, provides a statutory based immunity for discretionary acts.
Knoob argues that an exception to the above rule of immunity should apply in this case because the Town's acts subjected an identifiable person to imminent harm. It is well settled in Connecticut that the immunity of a municipal employee is negated "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm." Evon v.Andrews, 211 Conn. 501, 505 (1989). The Supreme Court cases that have considered this issue have all done so in connection with the alleged conduct of a specific municipal employee as opposed to the municipality itself. See Shore v. Stonington, 187 Conn. 147, 148 n. 1 (1982) (failure of named police officer to arrest a driver despite evidence of intoxication); Sestito v. Groton, 178 Conn. 520, 528 (1979) (failure of named police officer to intervene to break up fight); Evon v. Andrews, supra, 211 Conn. 507-08 (failure of identified fire officials to properly inspect a building for fire code violations); Burns v. Board ofEducation, 228 Conn. 640, (failure of the superintendent of schools to ensure that ice on main accessway of school campus was adequately salted and sanded). This is in accord with the different treatment the law has extended to municipalities versus their employees. While municipalities were (and are) generally immune from liability in tort, municipal employees historically were liable for their own tortious conduct. Burnsv. Board of Education, supra, 228 Conn. 645. The employees' qualified immunity was made subject to the identifiable person/imminent harm exception. The only case cited by the parties that squarely addresses this issue is Maderos v. City of Shelton, 23 Conn.L.Rptr. 100 (December 7, 1998, Thompson, J.). In Maderos, the Superior Court ruled that the CT Page 8080 identifiable person/imminent harm exception has not been preserved by § 52-557n and would only be applicable to an indemnification action brought under § 7-465.
This court agrees with the reasoning in Maderos particularly in light of the Supreme Court caselaw discussed above. Accordingly, since this count alleges negligence against the Town alone, the action is barred by governmental immunity and summary judgment on the first count should enter in favor of the Town.[2]
NUISANCE
The Town claims that it is entitled to summary judgment on the nuisance count because, as a matter of law, Knoob is unable to prove an essential element of this cause of action, namely that the alleged nuisance interfered with a right common to the general public. On this issue, the parties have submitted competing affidavits that raise a genuine issue of material fact. Accordingly, the motion for summary judgment on the second count is denied.
CONCLUSION
For the reasons set forth above, the motion for summary judgment is granted as to the first count and denied as to the second count.
So Ordered, at New Haven, Connecticut, this 7th day of June, 2000.
Devlin, J.