[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE
This is a civil action in which two minor children, William and Erica Claman, seek to recover damages for personal injuries alleged to have resulted from exposure to toxic lead-based paint while they resided with their parents in two locations: at 372 North Third Avenue, Taftville, Connecticut, from February 5, 1998 to October 8, 1998 and at 85 Fifth Street, Norwich, Connecticut, from February 1, 1999 to May 31, 1999. This motion to strike is brought by Arthur Cohen ["Cohen"], who is named as a defendant in the eighteenth count of the complaint only.[1] Cohen, who is the Director of Health for the Uncas Health District, claims that the eighteenth count should be stricken on the ground of governmental immunity.
In ruling on this motion to strike, "the court is limited to the facts alleged in the complaint." Waters v. Autori, 236 Conn. 820, 825,676 A.2d 357 (1996). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." S.M.S. Textile v.Brown, Jacobson, Tillinghast, Lahan and King, P.C., 32 Conn. App. 786,796, 631 A.2d 340 (1993). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The eighteenth counts sounds in negligence and incorporates the allegations of paragraphs one through twelve of the first count. The eighteenth count alleges the following facts: John and Dale Mainville ["Mainvilles"] were the owners of record of the premises located at 3 1/2 North Third Avenue, Taftville, Connecticut ["Taftville dwelling"] at all relevant times. (Count 1, ¶¶ 2, 3, incorporated into count 18.) The minor plaintiffs occupied the Taftville dwelling with their parents from CT Page 3860 approximately February 5, 1998 until approximately October 8, 1998 and while living there were exposed to a latent hazardous condition, specifically toxic lead-based paint on the interior and exterior surfaces of the dwelling and its common areas in intact and defective conditions. (Id. ¶¶ 6, 7.) Sometime before August 1994, Clifford Stirba ["Stirba"], the former director of health for the Uncas Health District, received notice that a child residing at the Taftville location had an elevated blood lead level. (Count 18, ¶ 15.) As director of health, Stirba had certain obligations under General Statutes § 19a-111. (Id., ¶ 16.) On August 24, 1994, following an inspection of the Taftville dwelling, the Mainvilles received a notice of violation from the Uncas Health Department indicating that the Taftville dwelling contained toxic lead-based paint, in both intact and defective conditions, located on the interior and exterior surfaces of the dwelling and its common areas. (Id. ¶ 9.) The notice ordered the Mainvilles to hire a lead inspector to test and/or sample all surfaces and dust in the dwelling and all exterior soil and surfaces as required by § 19a-111-3
of the Regulations of Connecticut State Agencies ["regulations"] and to adequately abate the property under § 19a-111-4 of the same regulations. (Id. ¶¶ 9, 10.) On or about March 6, 1995, the Mainvilles received a letter from the department notifying them that they had not complied with the previous 1994 order. (Id. ¶ 11.) Cohen is the present director of health and has been so since approximately July 1996, succeeding Stirba. (Id., ¶ 14.) The eighteenth count also contains a number of allegations that Stirba failed to comply with various regulations in conducting an epidemiological investigation of the Taftville dwelling and in ordering remediation of any lead hazard. (Id., ¶ 17). As to Cohen, it is alleged that he failed to order a reinspection of the Taftville dwelling, to issue further remedial orders and to monitor the owners' compliance with any such orders. (Id., ¶ 19.) Finally, it is alleged that the minor plaintiffs were lead poisoned as result of these failures. (Id. ¶ 20.)
Cohen has moved to strike the eighteenth count on the ground of governmental immunity. He contends that the Uncas Health District is a municipal agency created under General Statutes § 19a-241 and that any act or failure to act by a district health director would be a discretionary function covered by the immunity provisions of General Statutes § 52-557n (b)(7).[2] In opposition, the minor plaintiffs argue that they have not alleged facts that make it apparent that Cohen is entitled to immunity under § 52-557n and the only way in which governmental immunity can be raised in this case is by way of special defense. The court disagrees and concludes that, based on both the facts alleged and necessarily implied from the allegations of the complaint, Cohen may properly attack the legal sufficiency of the eighteenth count by way of a motion to strike. See Gordon v. Bridgeport HousingCT Page 3861Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Brown v. Branford,12 Conn. App. 106, 111 n. 3, 529 A.2d 743 (1987).
The immunity provided by § 52-557n(b) covers "a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties." Under the facts alleged and implied, there is no question that Cohen is an officer of a political subdivision of the state acting within the scope of his official duties.[3] The minor plaintiffs allege that Cohen is the director of health of the Uncas Health District, as was his predecessor Stirba. Health districts are creatures of statute. See General Statutes § 19a-240 et seq. They are formed by the vote of the respective legislative body of the towns, cities or boroughs seeking to unite together and are governed by a board which "exercise[s] all the authority as to public health required of or conferred upon the constituent municipalities by law. . . ." General Statutes § 19a-241 (a). The board also appoints the director of health for the district. General Statutes § 19a-242 (a). The director of health is required to "devote his entire time to the performance of such duties as are required of directors of health by the general statutes or the Public Health Code," as well as duties specified in his agreement with the governing board. General Statutes § 19a-244. The plaintiffs have alleged that Cohen, and Stirba before him, acted "in his capacity as Director of Health" in failing to take actions consistent with state regulations governing abatement of lead based paint. See Regulations, § 19a-111-1 et seq. These regulations were enacted pursuant to statutory authority contained in General Statutes §19a-111c. Thus, Cohen may seek to claim immunity pursuant to §52-557n(b).
The plaintiffs' alternative argument in opposition to the motion to strike is that the doctrine of governmental immunity does not apply to the facts alleged because the duties imposed on directors of health by General Statutes § 19a-111 and the regulations are ministerial, not discretionary as claimed by Cohen. The law is well-established that a public officer may be held liable for negligence in performing a ministerial duty or act, but not a discretionary one, with certain exceptions. See, e.g., Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 628, 749 A.2d 630 (2000); Mulligan v. Rioux, 229 Conn. 716,727, 643 A.2d 1226 (1994). "The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. . . . Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . CT Page 3862 there are cases where it is apparent from the complaint." Lombard v.Edward J. Peters, Jr., P.C., supra.
In the eighteenth count, the plaintiffs allege that although the Taftville dwelling had been inspected in 1994 and the owners ordered to abate certain lead hazards, that inspection was inadequate in certain respects. They further allege that in 1996, after becoming director of health, Cohen failed to order that the dwelling be reinspected, failed to issue orders to appropriate persons to take actions "as may be necessary to prevent further exposure to other persons" and failed to order the owners to undertake appropriate remediation in accordance with the regulations.[4] Thus, any alleged breach of duty on Cohen's part is premised on whether he reasonably followed up on the regulatory action undertaken by his predecessor Stirba to determine its alleged inadequacy and properly exercised his judgment regarding remediation. Assuming, without deciding, that Cohen had some continuing statutory and regulatory obligations regarding the Taftville dwelling, one would have to conclude that he failed to properly exercise his judgment in order to conclude that Cohen breached any duty to the plaintiffs.[5] The exercise of judgment is the hallmark of a discretionary act.
The plaintiffs maintain, however, that General Statutes § 19a-111
and the regulations impose certain standards and obligations upon directors of health which do not allow them to exercise discretion. The language of the statute and regulations belie that contention.[6]
Indeed, although § 19a-111 mandates that an epidemiological investigation of a particular child's elevated blood level must be conducted under certain circumstances and § 19a-111-3 (c)(1) requires that the dwelling units in which the child resides be included in that investigation, the statute then gives a director of health considerable discretion "to order action . . . as may be necessary to prevent further exposure." See Redfearn v. Ennis, 28 Conn. App. 398, 402, 610 A.2d 1338
(1992). Furthermore, "no matter how objective the standard, an inspector's decision as to whether a building falls below a standard and whether remedial orders are therefore required involves the exercise of his or her judgment." Evon v. Andrews, 211 Conn. 501,506, ___ A.2d ___ (1989). Since, as alleged here, remedial orders for the Taftville dwelling had been issued by his predecessor, any decision to follow up on those orders required Cohen to exercise his judgment.
Finally, the plaintiffs argue that if the court finds that the Cohen's alleged conduct was discretionary, rather than ministerial, the identifiable victim/imminent harm exception to governmental immunity applies. This exception establishes a duty of care to a foreseeable class of victim which would otherwise not exist because of governmental CT Page 3863 immunity. In Burns v. Board of Education, 228 Conn. 640, 646, 638 A.2d 1
(1994), the Supreme Court made it clear that the identifiable person-imminent harm exception includes "narrowly defined classes of foreseeable victims." The Burns court, looking at a number of factors,[7]
reviewed various statutory and constitutional mandates in concluding that school children fell within such a narrowly defined class of foreseeable victim for which there could be an actionable duty. "At least during school hours on school days, when parents are statutorily compelled to relinquish protective custody of their children to a school board and its employees, the superintendent has the duty to protect the pupils in the board's custody from dangers that may be reasonably anticipated." Id.,228 Conn. 648-49.
The plaintiffs maintain that General Statutes § 19a-111 identifies a similarly narrowly defined class of foreseeable victim in its language requiring a director of health, when a certain elevated blood lead level is reported, to order necessary action "to prevent further exposure of persons to such lead poisoning." "Persons" is far too broad a category to qualify as a narrowly defined class. The plaintiffs are apparently aware that the statutory and regulatory obligations to abate and manage toxic levels of lead apply to owners of dwellings in which a child under the age of six resides. General Statutes § 19a-111c, Regulations §§19a-111-1 (17), 19a-111-2 (a). They therefore assert, in their memorandum, that they are children under the age of six who resided in the Taftville dwelling after another child under the age of six who had previously resided there was lead poisoned. See Memorandum of Law in Opposition to Motion to Strike, p. 11. Arguably, children under the age of six are an "identifiable subclass" intended to be the beneficiaries of certain acts to prevent them from being exposed to toxic levels of lead, at least on the part of the owners of dwellings. However, there are no allegations in the complaint that either the minor plaintiffs or the child with the elevated blood lead level who resided in the Taftville dwelling in 1994 were under the age of six. The only allegations are that the minor plaintiffs resided at the Taftville dwelling from approximately February 5, 1998 until approximately October 8, 1998 (First count, ¶ 6) and that sometime before or during August 1994, Stirba was notified that a child with an elevated blood-lead level resided in the Taftville dwelling (Eighteenth count, ¶ 15). These allegations are insufficient to allow the court to conclude that minor plaintiff's fall within a narrowly defined class of foreseeable victim to which Cohen might owe a duty despite immunity. Accordingly, it is not necessary to address the imminent harm prong of this exception to governmental immunity.
For the foregoing reasons, the defendant Cohen's motion to strike the eighteenth count of the complaint is granted.
CT Page 3864
LINDA K. LAGER, JUDGE