[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Ernest M. Park and Lauren Park, reside at 35 Ledgewood Drive in Norwalk. In their complaint, the plaintiffs allege that their home is connected to the municipal sewer system operated and maintained by the defendant, the city of Norwalk; that on August 11, 1999, sewage material from the main sewer line backed up through the connecting line to the plaintiffs' home; that this backing up caused damage to their home and to personal property stored in their basement. The plaintiffs further contend that this situation was caused by the negligence of the defendant city in a number of respects.
The defendant denied the material allegations of the complaint and filed three special defenses: governmental immunity, comparative negligence and lack of notice to the defendant of any defects in the main sewer line or the lateral.
The plaintiffs have moved (#127) for summary judgment, Practice Book § 17-49, with respect to the special defense of governmental immunity on the theory that the obligation of the defendant to maintain the sewer system is a ministerial duty with respect to which the defendant is not entitled to governmental unity.
"[T]he party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.)Gaynor v. Payne, 261 Conn. 585, 590-91, 803 A.2d 311 (2002). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." (Internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205,209, 757 A.2d 1059 (2000). CT Page 3853
Just several days ago, our Supreme Court wrote that General Statutes § 52-557n (a) (1) "clearly and expressly abrogates the traditional common-law doctrine in this state that municipalities are immune from suit for torts committed by their employees and agents." Spears v.Garcia, S.C. 16676, to be released April 1, 2003.[1] Apart from this new case, our law is clear that the determination of whether the negligent maintenance of a sewer system is discretionary or ministerial is a matter of law for the court. Redfearn v. Ennis, 28 Conn. App. 398,401, 610 A.2d 1338 (1992); Evon v. Andrews, 211 Conn. 501, 507,599 A.2d 1131 (1989); Gordon v. Bridgeport Housing Authority,208 Conn. 161, 180, 544 A.2d 1185 (1988).
Preventing back flowing of sewage into a lateral and basement appears to be a ministerial task, not a discretionary one. "The work of constructing drains and sewers, as well as that of keeping them in repair, is ministerial, and the municipality is responsible for negligence in its performance." Spitzer v. Waterbury, 113 Conn. 84, 88,154 A. 157 (1931).
Therefore, the motion for summary judgment as to the special defense of governmental immunity is granted.
The plaintiffs also seek a protective order (motion #128) regarding the scheduling of a deposition of Mr. Parks and what documents he is obliged to bring to said deposition. As to timing and duration, the deposition must be taken during normal working hours, Monday through Friday, and can last as long as necessary. If the parties cannot agree forthwith on an acceptable date and time, the court will order the deposition for a specified time.
In terms of the discovery to be produced, the motion for protective order is granted as to tax returns and income information and is otherwise denied.
So Ordered.
Dated at Stamford, Connecticut, this 27th day of March 2003.
William B. Lewis, Judge